The opinion of the Court was drawn up by
Parker C. J.
It does not appear that at the trial there was any controversy about the title of the parties to the land from which the wood was taken, the price of which was sued for in this action. If that had been the point in dispute, the plaintiff might have been nonsuited,[1] and turned over to his writ of entry or petition for partition. The action proceeded on the admitted fact, that the plaintiff and defendant were tenants in common of certain land, and the question was, whether the wood was taken from that land, and if so, whether the defendant was liable for a moiety of the proceeds. We think the objection since raised, that the action involved the question of title to real estate, cannot now be made.
As to the objection founded on the statute of limitations, we think the jury were instructed right, viz. that the statute began to run from the time when the money was received, and not from the time of the sale of the wood. In this action the plaintiff affirms the sale and asks for his share of the proceeds. He had a right to waive his action of trespass given by the statute and to consider the defendant as his agent in disposing of tire wood.[2] This is for the benefit of the defendant, as he can deduct all reasonable charges, and is answerable only to the extent of funds which he has received.
In regard to the objection that the price of some of the wood was received in real estate, we think, as the sale was made for money, the defendant was answerable for the price when he discharged the purchaser, whether he received cash *142 or any thing else. He may be considered as the purchaser of the real estate with the money for which he sold the wood. The plaintiff consents to the sale for money, but not that real estate shall be substituted. ■ Suppose after selling the wood for money to be paid at a future day, the defendant had set off a debt which he owed the purchaser, for the price ; he would virtually have received the money. So he has by taking the real estate.[3]

 See Miller v. Miller, 9 Pick. 34; Chitty on Contr. (4th Am. ed.) 476, and note 1 ; Ainslie v. Wilson, 7 Cowen, 662.

 See Bigelow v. Jones, 10 Pick. 165; Haven v. Foster, 9 Pick. 112; Boston v. Binney, 11 Pick. 1 ; Binney v. Chapman, 5 Pick. 127; Buell v. Cook, 4 Cowen, 238 Wyman v. Hook, 2 Greenl. 338; Barker v. Howell, 6 Serg. & Rawle, 481.

 See Garainer Manuf. Co. v. Heald, 5 Greenl. 381; Chitty on Contr. (4th Am. ed.) 19, 20, notes, and 477, notes ; Gilmore v. Wilbur, 12 Pick. 120; Jones v. Hoar, 5 Pick. 290; Whitwell v. Vincent, 4 Pick. (2nd ed.) 452, note 2; Webster v. Drinkwater, 5 Greenl. 319.